UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

NATIVIDAD PEREZ                                                                                         PLAINTIFF

v.                                      No. 2:17-CV-02162

MIAN ENTERPRISES, INC. d/b/a
Hugs & Biscuits #3; and ANWAR
AHMAD                                                                                                  DEFENDANTS

## OPINION AND ORDER

This matter came before the Court on September 10, 2018 for a bench trial on Natividad Perez's ("Perez") complaint (Doc. 1) against Mian Enterprises, Inc. ("Mian") and Anwar Ahmad ("Ahmad") for violation of the Federal Labor Standards Act ("FLSA") and the Arkansas Minimum Wage Act ("AMWA"). (Doc.1). The Court entered partial summary judgment (Docs. 17 & 22) against Mian on the issue of liability for unpaid overtime wages under the FLSA. The remaining issues for trial were the amount of the unpaid wages, liquidated damages, attorney's fees and costs, and the liability of Ahmad under the FLSA and AMWA. Perez and Mian stipulated to the amount of unpaid wages of $5,820.17 and stipulated to the three exhibits received into evidence. The Court heard testimony from two witnesses then took the case under submission. At the direction of the Court, Perez filed a motion for attorney's fees and costs (Doc. 24), and Mian and Ahmad filed a response to the motion (Doc. 26). Having considered the testimony of the two witnesses and the exhibits received into evidence, and having made credibility determinations on the evidence, the Court makes the following findings of fact and conclusions of law in accordance with Rule 52(a) of the Federal Rules of Civil Procedure and also rules on the motion for attorney's fees and costs.

1

As to liability of Ahmad under the FLSA and AMWA, the Court makes the following findings of fact and law.  Ahmad was employed by Mian and had no ownership interest in Mian.  Ahmad was a manager of businesses owned by Mian and was paid a salary.  Ahmad had no authority to terminate Mian's employees.  Ahmad ran payroll and paid employees at a level determined by Mian.  The Court finds that Ahmad was not Perez's employer, and Ahmad has no liability to Perez under the FLSA or AMWA.  The action against Ahmad is dismissed with prejudice.

As to the liability of Mian, Mian did not act in good faith in determining the amounts owed to Perez on each paycheck, and had no reasonable basis to believe the amounts paid did not violate the FLSA or AMWA.  Perez is entitled to judgment against Mian in the amount of $5,820.17 for unpaid wages, and an equal amount of $5,820.17 as liquidated damages.

Perez is entitled to attorney's fees and costs as provided in 29 U.S.C.§216(b).  Perez' motion seeks attorneys' fees in the amount of $11,507.50 and costs of $480.67.  Perez's counsel submitted an itemized billing statement representing the work of two or more attorneys expending 47.7 hours on the case at hourly rates of $225 to $325 per hour.   The billing statement appears to document every minute devoted to the case.

Although the Court conducted a short bench trial lasting 35 minutes, the case for the most part was not controverted by the defendants except for the liability of Ahmad.  Perez moved for partial summary judgment on the issue of liability, and Mian admitted liability for the overtime hours subject to proof as to the amount of overtime owed.  Perez was awarded partial summary judgment against Mian.  Before the bench trial, Mian stipulated the amount of unpaid wages owed Perez.  The only issue in contention was the liability Ahmad under the FLSA and AMWA which the Court ruled against Perez in favor of Ahmad.

For the most part, this case was not much different than a settlement agreement submitted for court approval. There was little or no discovery, and most of the attorney's time was spent on the motion for partial summary judgment and the bench trial. The case was not complicated, and the only issue litigated was the liability of Ahmad. Perez did not prevail on this issue. The amount of attorney's fees requested is excessive considering the nature of the case and the issues to be resolved.

The Court finds that Perez should be awarded an attorney's fees against Mian in the amount of $7,000, which is fair and reasonable in the case. This amount is based on work performed by attorney Rauls for 25 hours at an hourly rate of $225, and by attorney Sanford for 5 hours at an hourly rate of $275. The Court finds that Perez should be awarded costs against Mian in the amount of $480.67.

A separate judgment in favor of Perez against Mian will be entered in accordance with Rule 54(a) of the Federal Rules of Civil Procedure.

The action against Ahmad is dismissed with prejudice.

IT IS SO ORDERED this 26th day of October 2018.

/s/ P. K. Holmes, III
P.K. HOLMES, III
CHIEF U.S. DISTRICT JUDGE